IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| STEVE RIDDICK,<br>    Plaintiff, | )<br>) Civil Action No. 7:22cv00290<br>) |
| v. | )<br>) By: Elizabeth K. Dillon |
| C/O B. PHILLIPS, *et al.*,<br>    Defendants. | ) United States District Judge<br>)<br>) |

**MEMORANDUM OPINION**

Plaintiff Steve Riddick, a Virginia prisoner proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. Riddick has not paid the filing fee, but he has filed documents in support of an application to proceed *in forma pauperis*. (Dkt. No. 6.)

Based on court records, it is clear that at least three of Riddick's previous actions or appeals have been dismissed as frivolous or for failure to state a claim upon which relief may be granted.[1] Put differently, he has at least three prior "strikes" under 28 U.S.C. § 1915(g). Because of this, even if he could prove his indigence, Riddick may not proceed with this case unless he either prepays the entire filing fee—which he has not done—or shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). His complaint, however, fails to allege any imminent danger of serious physical injury. For this reason, discussed in more detail herein, the court will dismiss the complaint in its entirety.

Riddick's complaint alleges claims against three defendants: Correctional Officer B. Phillips, and two medical personnel at Red Onion State Prison ("Red Onion")—L. Jesse, who Riddick identifies as a "Practitioner," and Dr. Fox. Riddick's claims are based on events that

---

[1] The following six cases all were dismissed, pursuant to 42 U.S.C. § 1997e(c)(1), for failure to state a claim: *Riddick v. McCowan*, No. 7:21cv00138 (W.D. Va. Aug. 6, 2021); *Riddick v. Stanley*, No. 7:21cv00177 (W.D. Va. Aug. 6, 2021); *Riddick v. Gilbert*, No. 7:20cv00598 (W.D. Va. Aug. 2, 2021); *Riddick v. Kiser*, No. 7:20cv00580 (W.D. Va. July 30, 2021); *Riddick v. Kiser*, No. 7:20cv00561 (W.D Va. Jan. 29, 2021); *Riddick v. Bunch*, No. 7:20cv00597 (W.D. Va. Jan. 29, 2021).

began on December 29, 2020.  On that date, Riddick alleges that, after he reminded Phillips that he had a lawsuit against him, Phillips added feces to Riddick's burger.  He claims that Phillips asked him, after he had the meal tray for about ten or fifteen minutes, whether he had enjoyed his "shit burger." (Compl. 2.)  Riddick claims that there was "smelly, funny tasting meat on the tray," and that "immediately after eating," his stomach started burning and aching.

Thereafter, Riddick sought medical care.  He claims that blood work was done around January 11, 2021, and he tested positive for H. pylori.[2]  Defendant Jesse, however, failed to inform him of his results, which she later admitted.  He claims that he complained of stomach burning, pain, and bloody stools from January through July, when he was tested again and got another positive result for H. pylori.  In August 2021, he received medication for fifteen days and in September, he tested negative for H. pylori.  (Compl. 3–4.)

Riddick claims, though, that he continued to have stomach pain and bloody stools for months, and he repeatedly requested an ultrasound from Dr. Fox.  Dr. Fox denied his request, telling him he could give him more medication, but Riddick had tried four antibiotics, and they were not working to stop his stomach pain.  Dr. Fox also told him that he didn't have cancer based on a 2018 ultrasound, which did not convince Riddick.  (*Id.* at 5.)  Eventually, after Riddick filed a grievance and got "an outside group involved," Fox scheduled him for an ultrasound, which he had in February 2022.  (*Id.* at 8–9.)  Riddick does not identify the results of that ultrasound, but he also does not claim that it revealed any further medical problems related to his stomach.  Nonetheless, he claims that he still has occasional stomach pain and that the H. pylori damaged his stomach.  (*Id.* at 7.)  He does not identify any other treatment that he believes he should be receiving at this time, except to note that he was set for a "scope" in March 2022,

---

[2] Helicobacter pylori (H. pylori) infection occurs when H. pylori bacteria infect a person's stomach. The bacteria "are usually passed from person to person through direct contact with saliva, vomit, or stool" and "may also be spread through contaminated food or water." Mayo Clinic, *Helicobacter pylori (H. pylori) infection*, https://www.mayoclinic.org/diseases-conditions/h-pylori/symptoms-causes/syc-20356171 (last visited May 25, 2023). The infection is a "common cause of stomach ulcers" and "may be present in more than half the people in the world. Most people don't realize they have H. pylori infection because they never get sick from it." *Id.*  When people do experience signs or symptoms, they "are typically related to gastritis or a peptic ulcer" and can include an ache or burning pain in the stomach, nausea, loss of appetite, or frequent burping. *Id.*

2

which he had not received at the time he filed his complaint, in June 2022. Riddick claims that he became "depressed and anxious" over these incidents and sought mental health care. He asserts Eighth Amendment claims against all defendants and a retaliation claim against Phillips. (Compl. 10–11.)

Notably, Riddick's complaint does not contain any allegations to support a conclusion that he is in imminent danger of serious physical injury. For the "imminent danger" exception of § 1915(g) to apply, "an inmate must make 'specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" *Johnson v. Warner*, 200 F. App'x 270, 272 (4th Cir. 2006) (quoting *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)). "[T]he imminent danger 'must exist at the time the complaint . . . is filed, not when the alleged wrongdoing occurred.'" *Meyers v. Clarke*, 767 F. App'x 437, 439 (4th Cir. 2019) (quoting *Martin*, 319 F.3d at 1050). "Congress intended that a three-strikes prisoner have opportunity to ask the court for its aid in addressing a danger that is close at hand, not a past infraction." *Meyers v. Comm'r of Soc. Sec. Admin.*, 801 F. App'x 90, 96 (4th Cir. 2020); *see also Johnson*, 200 F. App'x at 272 (explaining that the imminent danger exception focuses on the possibility of "continuing or future injury, not whether the inmate deserves a remedy for past misconduct").

Here, Riddick's claims against Phillips arise from an incident that occurred in December 2020, approximately eighteen months before he filed his complaint. Similarly, although he complains about delays or inadequate treatment from Jesse and Fox over a course of months or years, he admits that since receiving treatment, he has tested negative for H. pylori and has received the ultrasound he requested. "Occasional stomach pains" that he still experiences do not satisfy the "serious physical injury" requirement of § 1915(g). Indeed, Riddick's allegations stand in stark contrast to those alleged in *Hall v. United States*, 44 F. 4th 218 (4th Cir. 2022). There, the Fourth Circuit set out "some parameters" for determining whether officials' denial or delay of medical treatment, resulting in worsening medical conditions, can constitute an

3

"imminent danger of future serious physical injury." *Id.* at 226. At a minimum, a petition must allege some medical treatment that is being denied or delayed (at the time the complaint is filed) that is *necessary* for their medical conditions. *Id.* In doing so, the court cited positively to *Gresham v. Meden*, 938 F.3d 847 (6th Cir. 2019), which "explain[ed] that temporary conditions that cause discomfort and pain and are unlikely to 'lead to impending death or other severe bodily harms' do not satisfy the imminent-danger exception." *Id.* (quoting *Gresham*, 938 F.3d at 850). By contrast, if the denial of treatment results in "life-threatening medical issues or serious injuries," a plaintiff satisfies the exception.

The allegations by Riddick here fall squarely on the lower end of the spectrum discussed by the *Hall* court. Riddick alleges past delays and denials of medical treatment, to be sure. But he does not allege any specific illness or condition other than "occasional stomach pain" and damage to his stomach as a result of having had H. pylori in the past. (*Id.* at 7.) He does not identify any treatment that he believes he is being denied or any lack of treatment causing increased symptoms or a "worsening" condition. In short, he has not alleged that any ongoing lack of treatment is likely to lead to any serious physical injury or severe bodily harm. Thus, he does not fall within the § 1915(g) exception and is not entitled to proceed *in forma pauperis*. As with all plaintiffs barred from proceeding under § 1915(g), Riddick is not barred from bringing the claims he asserts in this lawsuit, but he must prepay the full filing fee in order to do so.

As Riddick has neither prepaid the filing fee nor demonstrated that he is "under imminent danger of serious physical injury," the court will dismiss his complaint without prejudice pursuant to 28 U.S.C. § 1915(g). An appropriate order will be entered.

Entered: May 30, 2023.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge